**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000508
30-SEP-2025
08:39 AM
Dkt. 81 SO**

NO. CAAP-23-0000508

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
ESAIAS KAMEALOHA, Defendant-Appellee, and
SHAKA BEST DEAL BAIL BONDS, Real Party in Interest-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-21-0000689)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant **State** of Hawai'i appeals from the Circuit Court of the First Circuit's July 31, 2023 "Order Granting Shaka Best Deal Bail Bonds' Motion to Set Aside Judgment and Order of Bond Forfeiture and Discharge Bond[.]"[1] (Formatting altered.) On appeal, the State contends Real Party in Interest-Appellee **Shaka** Best Deal Bail Bonds did not have standing to move to set aside the bond forfeiture.[2] We reverse.

---

[1] The Honorable Fa'auuga L. To'oto'o presided.

[2] The State also contends Shaka's motion to set aside the bond forfeiture was untimely. Based on our decision, we do not reach this contention.

The State charged Defendant-Appellee Esaias H. **Kamealoha** with Habitually Operating a Vehicle Under the Influence of an Intoxicant.  Bail was set at $11,000.00.

According to the "Order Pertaining to Bail[,]" bond was posted by "Scott's Bail Bonds[.]"[3]  The Honolulu Police Department (**HPD**) bail receipt shows the surety or agent as "Scotts Bail Bonds LLC[.]"[4]  The Bail Bond filed on June 18, 2021, contains the following:

SCOTT'S BAIL BONDS, L.L.C. d.b.a,

| | |
|---|---|
| ALOHA BAIL BONDS | Agency License 434903 |
| SCOTT M. NORTHUP, SURETY AGENT | Agent License 430766 |
| 725 KAPIOLANI BLVD #C117 | |
| HONOLULU, HI 96813 | |

(Some formatting altered.)  "SCOTT M. NORTHUP SURETY AGENT" signed the Bail Bond.

Kamealoha failed to appear at court, and the circuit court entered a "Judgment and Order of Forfeiture of Bail Bond" (**Forfeiture Judgment**) on August 11, 2021.  (Formatting altered.)

Twenty-one months later, on June 2, 2023, Shaka moved to set aside the Forfeiture Judgment.  The motion was submitted by the "Attorney for SHAKA BAIL BONDS[.]"  The declaration of Shaka's attorney stated that Scott Northup was the owner of

---

[3]  "A bond is a contract between the surety and the government that, if the government releases the principal from custody, the surety will undertake that the principal will appear personally at any specified time and place." State v. Nelson, 139 Hawaiʻi 147, 161 n.7, 384 P.3d 923, 937 n.7 (App. 2016) (citation modified), aff'd, 140 Hawaiʻi 123, 398 P.3d 712 (2017).

[4]  A surety may be a person or entity.  Id. at 160, 384 P.3d at 936.

Shaka, and "Shaka is surety for [Kamealoha] by virtue of an $11,000 bail bond filed with this Court on 6/18/21."[5] (Formatting altered.)

During the evidentiary hearings, Shaka's attorney, Guy S. Matsunaga, stated his appearance as being "on behalf of the bail bonds who -- bail bonds company whose owner is present to my right, Your Honor. That's Scott Northrup [sic]" and "on behalf of Shaka Bail Bonds, whose representative Scott Northrup [sic], he is present."[6] Shaka presented no evidence.

The circuit court granted Shaka's motion to set aside the Forfeiture Judgment. The State appealed.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and reverse.

Again, the State argues that the circuit court committed plain error in setting aside the Forfeiture Judgment because Shaka was not the principal or the surety on the bond.

---

[5] However, the claim Shaka is the surety for Kamealoha based on the June 18, 2021 Bail Bond is not supported by the record, as Shaka does not appear anywhere on the June 18, 2021 Bail Bond. See Hawaiʻi Rules of Professional Conduct (**HRPC**) Rule 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal[.]" (formatting altered)).

[6] Although Shaka's counsel proffered that Shaka was owned by Scott Northup and Scott Northup was present at the hearings, "[a] lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." HRPC Rule 1.13(a) (emphasis added).

3

The State relies on Hawaiʻi Revised Statutes (**HRS**) § 804-51 (2014).

The version of HRS § 804-51 in effect at the time allowed the principal or surety to move to set aside (or not execute) a forfeiture judgment within thirty days of the notice of the forfeiture:[7]

> **Procedure.** Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, <u>a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment</u>, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.
>
> This section shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a criminal cause, whether actually set forth in the bond or recognizance, or not.

---

[7] The legislature amended HRS § 804-51 in 2023 to also allow surety insurers to receive the thirty-day notice and to file motions "showing good cause why execution should not issue upon the judgment[.]" HRS § 804-51 (Supp. 2023).

HRS § 804-51 (emphasis added).

"In Hawaiʻi, standing typically focuses on the party seeking relief, not on the issues the party wants adjudicated." Alpha, Inc. v. Bd. of Water Supply, 154 Hawaiʻi 486, 492, 555 P.3d 173, 179 (2024). "[S]tanding is a prudential consideration regarding the 'proper - and properly limited - role of courts in a democratic society' and is not an issue of subject matter jurisdiction[.]" Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 188, 439 P.3d 127, 140 (2019).

Here, the principal was Kamealoha. Though the circuit court made no findings as to the surety, the record contains (1) the "Order Pertaining to Bail" identifying "Scott's Bail Bonds" as posting bond; (2) the HPD receipt identifying "Scotts Bail Bonds LLC" as the "Surety or Agent"; and (3) the June 18, 2021 Bail Bond setting forth "SCOTT'S BAIL BONDS, L.L.C. d.b.a. ALOHA BAIL BONDS" with Scott M. Northup signing as the surety agent. See State v. Nelson, 140 Hawaiʻi 123, 136, 398 P.3d 712, 725 (2017) ("The surety named on the bond is critical to applying HRS § 804-51, as the statute requires that when a bond is forfeited, 'the court shall immediately enter up judgment in favor of the State and against the . . . surety or sureties on the bond[.]'").

Kamealoha did not move to set aside the Forfeiture Judgment. And neither did "Scott's Bail Bonds"; "Scotts Bail

Bonds LLC"; nor " SCOTT'S BAIL BONDS, L.L.C. d.b.a, ALOHA BAIL BONDS." Instead, Shaka, which was neither the principal nor the surety, moved to set aside the Forfeiture Judgment.

Because Shaka presented no evidence to establish it had standing to seek relief under HRS § 804-51, the circuit court erred in granting Shaka's motion to set aside the Forfeiture Judgment.

Based on the foregoing, we reverse the circuit court's July 31, 2023 "Order Granting Shaka Best Deal Bail Bonds' Motion to Set Aside Judgment and Order of Bond Forfeiture and Discharge Bond[.]" (Formatting altered.)

DATED: Honolulu, Hawaiʻi, September 30, 2025.

On the briefs:

Dean A. Soma,
Steve A. Bumanglag,
Deputy Attorneys General,
for Plaintiff-Appellant.

Robert J. Christensen,
for Real Party in Interest-
Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge